# EXHIBIT A

**COURT OF COMMON PLEAS**
**CIVIL DIVISION**
**RICHLAND COUNTY OHIO**

RICHLAND COUNTY
CLERK OF COURTS
FILED

2020 AUG 27  A 11: 52

LINDA H. FRARY
CLERK OF COURTS

**DASHON TAYLOR**
492 S. James Road
Columbus, OH 43123

vs.

**DAVID W. MANGENI**
15 Church Street
Mansfield, MA 02048

and

**FEDEX GROUND PACKAGE**
**SYSTEM, INC.**
*Serve:* CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

and

**STEPHANIE MCCLOUD**
**ADMINISTRATOR OF THE OHIO**
**BUREAU OF WORKERS'**
**COMPENSATION**
30 W. Spring Street
Columbus, Ohio 43215

Defendants

Case #: 20 CV 428

Judge: **NAUMOFF**

**COMPLAINT**

I, Linda H. Frary, Clerk of Courts
Richland County, Ohio, hereby certify that
the foregoing is a true and correct copy of the
COMPLAINT
filed with me 8-27-20
Deputy Clerk of Courts

FOR HER COMPLAINT, Plaintiff Dashon Taylor states:

**OVERVIEW**

This civil action arises from September 19, 2018 clear liability collision in which a FedEx

Ground Package System Inc. ("FedEx") truck being operated by David W. Mangeni negligently

failed to use caution before changing lanes and crashed into a vehicle driven by Plaintiff Dashon

Taylor causing her to sustain multiple injuries.

## FIRST CAUSE OF ACTION
*Negligence of David W. Mangeni*

1. On or about September 19, 2018, Plaintiff Dashon Taylor was operating a motor vehicle on Interstate 71 northbound near milepost 175 in Richland County, Ohio.

2. On or about September 19, 2018, Defendant David W. Mangeni was operating a truck owned by his employer and/or operated on behalf of his employer, FedEx, on Interstate 71 northbound near milepost 175 in Richland County, Ohio.

3. On or about September 19, 2018, Defendant David W. Mangeni carelessly and without due regard for the safety of others negligently failed to change lanes in a safe manner causing a collision between the truck he was driving and the Plaintiff' Dashon Taylor's vehicle.

4. As a direct and proximate result of Defendant David W. Mangeni's negligence, Plaintiff Dashon Taylor has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; and has suffered damages for the lost enjoyment of life and will suffer damages for the lost enjoyment of life in the future.

## SECOND CAUSE OF ACTION
*Statutory Violations of David W. Mangeni*

5. All allegations and causes of action above are incorporated into this cause of action by reference.

6. Defendant David W. Mangeni violated state statutes and regulations, including but not limited to ORC § 4511.33.

7. Defendant David W. Mangeni's statutory violations directly and proximately caused Plaintiff's damages and injuries.

8. Defendant David W. Mangeni is negligent *per se* based on these statutory violations.

### THIRD CAUSE OF ACTION
*Vicarious Liability of Defendant FedEx*

9. All allegations and causes of action above are incorporated into this cause of action by reference.

10. At all relevant times, Defendant David W. Mangeni was the employee, agent, servant, or independent contractor for Defendant FedEx. Accordingly, Defendant FedEx is vicariously liable for the acts of Defendant David W. Mangeni described in the causes of action above.

### FOURTH CAUSE OF ACTION
*Negligence of Defendant FedEx*

11. All allegations and causes of action above are incorporated into this cause of action by reference.

12. Defendant FedEx had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant David W. Mangeni, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

13. Defendant FedEx had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

14. Defendant FedEx failed in the above-mentioned duties and was therefore negligent.

15. Defendant FedEx's negligence was the direct and proximate cause of Plaintiff Dashon Taylor's injuries and the damages described in this Complaint.

## FIFTH CAUSE OF ACTION

16. All allegations and causes of action above are incorporated into this cause of action by reference.

17. Upon information and belief, Defendant Ohio Bureau of Workers' Compensation has paid certain expenses incurred by Plaintiff Dashon Taylor as a result of the negligence of Defendants David W. Mangeni and FedEx.

18. Defendant Ohio Bureau of Workers' Compensation may claim a subrogated interest in the proceeds of this litigation.

19. Plaintiff states that Defendant Ohio Bureau of Workers' Compensation may set forth its interest, if any, herein or forever be barred.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against all Defendants David W. Mangeni and FedEx in an amount that is just and fair and in excess of Twenty-five thousand dollars ($25,000.00) (exclusive of costs and interest), in addition to any other relief that this Honorable Court deems just under the circumstances. In addition, Plaintiff

requests that Defendant Ohio Bureau of Workers' Compensation set forth their subrogated claim and/or right of reimbursement or forever be barred.

Respectfully Submitted,
O'CONNOR, ACCIANI & LEVY LPA


Anna Christine – 0087416
Andrew Trice - 0088521
Attorney for Plaintiff
10 West Broad St. Suite 1170
Columbus, OH 43215
Phone: 614-545-7220
Fax: 888-225-1065
Email: ac@oal-law.com
Email: ajt@oal-law.com

 CT Corporation

**Service of Process Transmittal**
09/11/2020
CT Log Number 538229847

TO: Matthew Endlish
Fedex Ground Package System, Inc.
1000 FED EX DR
MOON TOWNSHIP, PA 15108-9373

RE: **Process Served in Ohio**

FOR: FedEx Ground Package System, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DASHON TAYLOR, Pltf. vs. DAVID W. MANGENI, et al., Dfts. // To: FEDEX GROUND PACKAGE SYSTEM INC<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Order |
| **COURT/AGENCY:** | Richland County Court of Common Pleas, OH<br>Case # 2020CV0428 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - Scheduling Order is here by served |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 09/11/2020 postmarked on 09/08/2020 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | 11/16/2020 at 11:00 a.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Anna Christine<br>O'CONNOR, ACCIANI & LEVY LPA<br>10 West Broad St. Suite 1170<br>Columbus, OH 43215<br>614-545-7220 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/11/2020, Expected Purge Date: 09/16/2020<br><br>Image SOP<br><br>Email Notification,  Matthew Endlish  matthew.endlish@fedex.com<br><br>Email Notification,  Lisa Santucci  lisa.santucci@fedex.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
09/11/2020
CT Log Number 538229847

TO: Matthew Endlish
Fedex Ground Package System, Inc.
1000 FED EX DR
MOON TOWNSHIP, PA 15108-9373

RE: **Process Served in Ohio**

FOR: FedEx Ground Package System, Inc.  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint | By Certified Mail on 09/04/2020 postmarked on 08/31/2020 | Matthew Endlish Fedex Ground Package System, Inc. | 538199776 |

Page 2 of  2 / SD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FIRST-CLASS MAIL

neopost
09/08/2020
US POSTAGE $000.50⁰

ZIP 44903
041M11251620

RICHLAND COUNTY COURT OF COMMON PLEAS
GENERAL DIVISION
50 PARK AVENUE EAST
MANSFIELD, OHIO 44902

**RETURN SERVICE REQUESTED**

4321956223 CO15

## IN THE COMMON PLEAS COURT
## RICHLAND COUNTY, OHIO

Case No. 2020 CV 0428  R

DASHON TAYLOR                          DAVID W MANGENI
          Plaintiff                              Defendant

**SEND TO:**

FEDEX GROUND PACKAGE SYSTEM INC
C/O CT CORPORTATION SYSTEM
4400 EASTON COMMONS WAY
SUITE 125
COLUMUBS, OH  43219
2020 CV 0428

ANNA CHRISTINE                          ()--
O'CONNOR ACCIANI & LEVY LPA
10 WEST BROAD STREET
COLUMBUS, OH  43215
(614)-545-7220

## SCHEDULING ORDER

An INITIAL SCHEDULING CONFERENCE in the above case is ORDERED:

| | | | |
|---|---|---|---|
| Date: | 11/16/2020 | Time:  11:00 am | |
| Place: | 50 PARK AVE. EAST | Courtroom:   COURTROOM 3 | |
| | MANSFIELD, OH  44902 | Phone 419-774-5570 | |

## NOTICE:  YOU STILL MUST ANSWER THE COMPLAINT, WITHIN 28 DAYS AFTER IT WAS SERVED ON YOU, TO AVOID DEFAULT JUDGMENT AGAINST YOU.

This scheduling conference will be conducted by the **MAGISTRATE ANDREA J CLARK** and **may be held by telephone upon the condition that opposing counsel are notified and given the opportunity to appear by phone as well. The requesting party shall conference in all parties appearing by phone and then conference in the Court. The Court does not require notice of the intent to appear by phone.**  The scheduling conference will identify issues for trial and establish a schedule for disposition of the case.  Counsel (not secretaries or paralegals) shall be prepared to discuss issues in the case, discovery yet to be completed and the time needed for discovery, pending or anticipated motions, settlement proposals, time required for trial and trial dates.  Attorneys will bring their calendars to the conference to facilitate scheduling.

**IF THERE ARE ANY DEFENDANTS WHO HAVE NOT YET ENTERED AN APPEARANCE, PLAINTIFF'S COUNSEL SHALL ASSURE THEY ARE SERVED WITH A COPY OF THIS SCHEDULING ORDER WHEN THEY APPEAR.**
**SO ORDERED.**

**JUDGE PHILLIP S NAUMOFF**

-----------------------------------------------------------------------------------------------------------------------------
## CERTIFICATE OF SERVICE
     I hereby certify that a true and correct copy of the foregoing was served according to local rules and sent by ☐ Regular Mail, ☐ Hand-delivered to parties, ☐ Placed in counsel's box in Clerk's Office on September 3, 2020 , to the following:
cc:
DAVID W MANGENI                          ANNA CHRISTINE
BUREAU OF WORKERS COMPENSATION
ANDREW TRICE                             MO

**COURT OF COMMON PLEAS**
**CIVIL DIVISION**
**RICHLAND COUNTY OHIO**

RICHLAND COUNTY
CLERK OF COURTS
FILED

2020 SEP 21 P 1:37

LINDA H. FRARY
CLERK OF COURTS

**DASHON TAYLOR**
492 S. James Road
Columbus, OH 43123

vs.

**DAVID W. MANGENI**
284 Ware Street
Mansfield, MA 02048

and

**FEDEX GROUND PACKAGE**
**SYSTEM, INC.**
*Serve:* CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

and

**DNM EXPRESS, INC.**
*Serve*:
Erina Dallvo
1700 Dorchester Ave
Dorchester, MA 02122

and

**STEPHANIE MCCLOUD**
**ADMINISTRATOR OF THE OHIO**
**BUREAU OF WORKERS'**
**COMPENSATION**
30 W. Spring Street
Columbus, Ohio 43215

        Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:   Case #:    20CV428
:
:
:   Judge:    Naumoff
:
:   **AMENDED COMPLAINT**
:
:
:
:
:
:
:
:
:
:
:
:
:

FOR HER COMPLAINT, Plaintiff Dashon Taylor states:

## OVERVIEW

This civil action arises from September 19, 2018 clear liability collision in which a FedEx Ground Package System Inc. ("FedEx") and/or a DNM Express, Inc. truck being operated by David W. Mangeni negligently failed to use caution before changing lanes and crashed into a vehicle driven by Plaintiff Dashon Taylor causing her to sustain multiple injuries.

## FIRST CAUSE OF ACTION
### *Negligence of David W. Mangeni*

1. On or about September 19, 2018, Plaintiff Dashon Taylor was operating a motor vehicle on Interstate 71 northbound near milepost 175 in Richland County, Ohio.

2. On or about September 19, 2018, Defendant David W. Mangeni was operating a truck owned by his employer and/or operated on behalf of his employer, FedEx and/or DNM Express, Inc., on Interstate 71 northbound near milepost 175 in Richland County, Ohio.

3. On or about September 19, 2018, Defendant David W. Mangeni carelessly and without due regard for the safety of others negligently failed to change lanes in a safe manner causing a collision between the truck he was driving and the Plaintiff' Dashon Taylor's vehicle.

4. As a direct and proximate result of Defendant David W. Mangeni's negligence, Plaintiff Dashon Taylor has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; and has suffered

damages for the lost enjoyment of life and will suffer damages for the lost enjoyment of life in the future.

## SECOND CAUSE OF ACTION
### *Statutory Violations of David W. Mangeni*

5. All allegations and causes of action above are incorporated into this cause of action by reference.

6. Defendant David W. Mangeni violated state statutes and regulations, including but not limited to ORC § 4511.33.

7. Defendant David W. Mangeni's statutory violations directly and proximately caused Plaintiff's damages and injuries.

8. Defendant David W. Mangeni is negligent *per se* based on these statutory violations.

## THIRD CAUSE OF ACTION
### *Vicarious Liability of Defendant FedEx*

9. All allegations and causes of action above are incorporated into this cause of action by reference.

10. At all relevant times, Defendant David W. Mangeni was the employee, agent, servant, or independent contractor for Defendant FedEx. Accordingly, Defendant FedEx is vicariously liable for the acts of Defendant David W. Mangeni described in the causes of action above.

## FOURTH CAUSE OF ACTION
### *Negligence of Defendant FedEx*

11. All allegations and causes of action above are incorporated into this cause of action by reference.

12. Defendant FedEx had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant David W. Mangeni, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

13. Defendant FedEx had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

14. Defendant FedEx failed in the above-mentioned duties and was therefore negligent.

15. Defendant FedEx's negligence was the direct and proximate cause of Plaintiff Dashon Taylor's injuries and the damages described in this Complaint.

## FIFTH CAUSE OF ACTION
*Vicarious Liability of Defendant DNM Express, Inc.*

16. All allegations and causes of action above are incorporated into this cause of action by reference.

17. At all relevant times, Defendant David W. Mangeni was the employee, agent, servant, or independent contractor for Defendant DNM Express, Inc. Accordingly, Defendant DNM Express, Inc. is vicariously liable for the acts of Defendant David W. Mangeni described in the causes of action above.

## SIXTH CAUSE OF ACTION
*Negligence of Defendant DNM Express*

18. All allegations and causes of action above are incorporated into this cause of action by reference.

19. Defendant DNM Express, Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant David W. Mangeni, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

20. Defendant DNM Express, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

21. Defendant DNM Express, Inc. failed in the above-mentioned duties and was therefore negligent.

22. Defendant DNM Express, Inc's negligence was the direct and proximate cause of Plaintiff Dashon Taylor's injuries and the damages described in this Complaint.

## SEVENTH CAUSE OF ACTION

23. All allegations and causes of action above are incorporated into this cause of action by reference.

24. Upon information and belief, Defendant Ohio Bureau of Workers' Compensation has paid certain expenses incurred by Plaintiff Dashon Taylor as a result of the negligence of Defendants David W. Mangeni and FedEx.

25. Defendant Ohio Bureau of Workers' Compensation may claim a subrogated interest in the proceeds of this litigation.

26. Plaintiff states that Defendant Ohio Bureau of Workers' Compensation may set forth its interest, if any, herein or forever be barred.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against all Defendants David W. Mangeni, FedEx and DNM Express Inc. in an amount that is just and fair and in excess of Twenty-five thousand dollars ($25,000.00) (exclusive of costs and interest), in addition to any other relief that this Honorable Court deems just under the circumstances. In addition, Plaintiff requests that Defendant Ohio Bureau of Workers' Compensation set forth their subrogated claim and/or right of reimbursement or forever be barred.

Respectfully Submitted,
O'CONNOR, ACCIANI & LEVY LPA

Anna Christine – 0087416
Andrew Trice - 0088521
Attorney for Plaintiff
10 West Broad St. Suite 1170
Columbus, OH 43215
Phone: 614-545-7220
Fax: 888-225-1065
Email: ac@oal-law.com
Email: ajt@oal-law.com

## IN THE RICHLAND COUNTY COURT OF COMMON PLEAS

RICHLAND COUNTY
CLERK OF COURTS
FILED

| | | |
|---|---|---|
| DASHON TAYLOR | : | Case No: 2020 CV 0428 |
| Plaintiff, | | |
| vs. | : | Judge: Naumoff |
| | | |
| DAVID W. MANGENI, et al. | : | ANSWER |
| Defendants. | | |

2020 SEP 28  P 2: 19

LINDA H. FRARY
CLERK OF COURTS

### ANSWER

Defendant, State of Ohio, Bureau of Workers' Compensation, by and through the Ohio

Attorney General acting through Special Counsel duly appointed as provided in section 109.08 of

the Ohio Revised Code, answers the complaint as follows:

1.    The BWC admits the allegations in paragraphs 17, 18, and 19 of the complaint.

2.    The BWC denies for lack of knowledge the remaining allegations of the complaint.

Wherefore, the BWC, as statutory subrogee pursuant to R.C. 4123.93 *et seq.*, requests that

its liens be accorded their rightful priority.  As of September 9, 2020, these liens total $2,623.24

in medical payments, $27,697.23 in compensation, and $43,403.03 in future payments.

Respectfully submitted,

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

Andrew D. Bowers (0071486)
ANDY BOWERS & ASSOCIATES LLC
Special Counsel for the Attorney General
612 Park Street, Suite 300
Columbus, Ohio 43215
(614) 220-5330 Telephone
(614) 220-7903 Facsimile
abowers@andybowerslaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was served on the 15th day of September 2020, via electronic and/or U.S. regular mail upon the following:

Anna Christine
Andrew Trice
10 West Broad Street, Suite 1170
Columbus, Ohio 43215
ac@oal-law.com
*Attorney for Plaintiff Dashon Taylor*

David W. Mangeni
284 Ware Street
Mansfield, Massachusetts 02048
*Defendant*

FedEx Ground Package System
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219
*Defendant*

Andrew D. Bowers (0071486)



## IN THE RICHLAND COUNTY COURT OF COMMON PLEAS

RICHLAND COUNTY
CLERK OF COURTS
FILED

| | | |
|---|---|---|
| DASHON TAYLOR | : | Case No: 2020 CV 0428 |
| Plaintiff, | | |
| vs. | : | Judge: Naumoff |
| | | |
| DAVID W. MANGENI, et al. | : | MOTION FOR REALIGNMENT |
| Defendants. | | |

2020 SEP 28 ℗ 2: 2

LINDA H. FRARY
CLERK OF COURTS

## MOTION OF DEFENDANT OHIO BUREAU OF WORKERS' COMPENSATION
## FOR REALIGNMENT OF THE PARTIES

Defendant, State of Ohio, Bureau of Workers' Compensation, by and through the Ohio

Attorney General acting through Special Counsel duly appointed as provided in section 109.08 of

the Ohio Revised Code, and pursuant to Rule 21 of the Ohio Rules of Civil Procedure, moves this

Court for an Order realigning it as a named party plaintiff in this action.  The grounds supporting

this motion are set forth in the accompanying memorandum.

Respectfully submitted,

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

Andrew D. Bowers (0071486)
ANDY BOWERS & ASSOCIATES LLC
Special Counsel for the Attorney General
612 Park Street, Suite 300
Columbus, Ohio 43215
(614) 220-5330 Telephone
(614) 220-7903 Facsimile
abowers@andybowerslaw.com

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

This lawsuit arises out of injuries sustained by Dashon Taylor, as a result of an accident allegedly caused by the actions of a named third-party tortfeasor, on or about September 19, 2018 in Richland County, Ohio.  At the time of the accident, Ms. Taylor was in the course and scope of her employment. As a result of her injuries, Ms. Taylor filed a claim for workers' compensation benefits with the Ohio Bureau of Workers' Compensation ["BWC"] which was assigned Claim No. 19-163472. Presently, the BWC has paid $2,623.24 in medical bills, and $27,697.23 in compensation on behalf of Plaintiff. In addition, the BWC is entitled to future costs, currently calculated at $43,403.03.

Ohio Revised Code sections 4123.93 and 4123.931 create an independent right of recovery in favor of a statutory subrogee, in this case the BWC, against a third party who is or may be liable to the Plaintiff for her injuries. As Taylor's workers' compensation benefits provider at the time of her accident on September 19, 2018, the BWC's interests in this lawsuit are aligned with those of Plaintiff Taylor, not with the named Defendant.  As such, the BWC should be denominated as a plaintiff, not as a defendant.

### II.    THE BUREAU SHOULD BE REALIGNED AS A PARTY PLAINTIFF

Rule 21 of the Ohio Rules of Civil Procedure addresses the misjoinder and non-joinder of parties.  While not specifically stated in the rule itself, the Court has the power pursuant to Rule 21 to realign a party defendant as a plaintiff when the interests of the nominal defendant and the plaintiff coincide.

In *New Artesian CR/PL v. Ohio Mini-Melt, Stark County* App. No. 98-CA-0004, 1998 Ohio App. LEXIS 3108 (Ohio Ct. App., Stark County June 15, 1998), the Stark County Common Pleas

Court granted a self-insuring employer's motion to realign it as a party-plaintiff in a third-party

tortfeasor case under the previous version of Ohio's workers' compensation subrogation statute.

The self-insuring employer was the subrogee and participated as a "party-plaintiff" throughout the

litigation.

In the present case, the BWC is a party to the case because it is a subrogee to Ms. Taylor's

claims in tort against the named defendant. A cursory review of Plaintiff's Complaint reveals that

the BWC should not be listed as a defendant. Plaintiff's claims are directed solely at the named

defendant, and not against the BWC. Because the BWC and the Plaintiff have similar interests,

realignment of the parties is appropriate. The BWC is attaching a copy of its proposed Judgment

Entry ordering realignment of the parties and its proposed Complaint as a named party plaintiff as

Exhibits to this motion.

## III.    **CONCLUSION**

For the foregoing reasons, Defendant Ohio Bureau of Workers' Compensation's Motion

for an Order realigning the parties and allowing the BWC to file its Complaint as a named party

plaintiff should be granted.

Respectfully submitted,

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

Andrew D. Bowers (0071486)
ANDY BOWERS & ASSOCIATES LLC
As Special Counsel for the Attorney General
612 Park Street Suite 300
Columbus, Ohio 43215
(614) 220-5330 Telephone
(614) 220-7903 Facsimile
abowers@andybowerslaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing was served on the 15th day of September 2020, via electronic and/or U.S. regular mail upon the following:

Anna Christine
Andrew Trice
10 West Broad Street, Suite 1170
Columbus, Ohio 43215
ac@oal-law.com
*Attorney for Plaintiff Dashon Taylor*

David W. Mangeni
284 Ware Street
Mansfield, Massachusetts 02048
*Defendant*

FedEx Ground Package System
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219
*Defendant*

Andrew D. Bowers (0071486)